## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Karen Holt,**

      **Plaintiff,**

**vs.**                       **No.  3:13-cv-757-DRH-DGW**

**BAYER HEALTHCARE**
**PHARMACEUTICALS INC.,**

      **Defendant.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion to dismiss (Doc. 9). Plaintiff Karen Holt responded (Doc. 13). For the following reasons, Bayer's motion is **GRANTED.**

### I.  Background

On July 26, 2013, plaintiff filed this products liability case against Bayer concerning Bayer's product Mirena. Mirena, a T-shaped polyethylene frame with a steroid reservoir that releases $20\mu g$/day of levonorgestrel, is a prescription medication used as a contraceptive. Mirena is manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed, and sold by Bayer, Bayer OY, and Bayer Pharma AG. Bayer is a corporation organized under the laws of Delaware and having its principal place of business at 6 West Belt Road, Wayne, New Jersey.

Plaintiff, a citizen of Louisiana, alleges the following. In October 2011,

plaintiff had Mirena inserted. Her Mirena insertion was uncomplicated and properly placed. When she returned for an exam approximately six weeks after Mirena was inserted, she was again told that it was properly placed. However, plaintiff began experiencing severe cramping and pain in January 2013. Her symptoms required additional medical care, treatment, and testing. Plaintiff subsequently had surgery to remove a 5 cm cyst, her right ovary and her right fallopian tube.

Bayer now moves to dismiss plaintiff's complaint, asserting that the Court should apply Louisiana law and that plaintiff has failed to state a claim under Louisiana law.   Plaintiff responds, arguing that New Jersey law should apply and that under New Jersey law she has sufficiently stated a claim. In the alternative, she argues that if the Court applies Louisiana Law, she has stated a claim under Louisiana law.

## II.  <u>Legal Standard</u>

A properly stated claim in a well-pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss the claim for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Withstanding such a motion requires alleging enough facts to support a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard does not require a showing of "probability," a mere showing of the possibility that the defendant acted unlawfully is insufficient. *Id*.

### III. <u>Analysis</u>

#### A. **Choice of Law**

In a diversity case, the Court applies the choice of law rules of the state in which the district court sits. *Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012). Illinois has adopted the choice of law analysis from the Second Restatement of Conflict of Laws. *Townsend v. Sears, Roebuck and Co.*, 879 N.E.2d 893, 903 (Ill. 2007). "The cornerstone of the Second Restatement is the 'most significant relationship' test, the objective of which is 'to apply the law of the state that, with regard to the particular issue, has the most significant relationship with the parties and the dispute.' " *Burlington N. & Santa Fe Ry. Co.*, 906 N.E.2d 83, 91 (Ill. App. Ct. 2009).

In conducting its analysis, the Court begins with section 146 of the Second Restatement. *Townsend, 879 N.E.2d at 903.* Section 146 directs the Court to apply the law of the place of injury unless another state has a more significant relationship with the occurrence and with the parties with respect to the particular issue. *Id.* In assessing which state has a more significant relationship, the Court considers the following factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence,

nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145, at 414 (1971). The Court does not simply count the contacts. Instead, the Court must consider these factors in light of the general principles embodied in Section 6 of the Second Restatement to determine whether those principles tip the scales against the presumption that the law of the place of the injury controls. *See Townsend*, 903-907.

Having weighed the relevant factors, the Court concludes that Louisiana has the most significant relationship to this case, not New Jersey. The Court infers that the plaintiff's injury occurred in her state of residence, Louisiana. Therefore, the Court presumes that Louisiana law applies unless, as asserted by the plaintiff, New Jersey has a more significant relationship to the occurrence. The product was manufactured and designed in New Jersey thus it is the place where the conduct causing the injury occurred. As previously indicated, plaintiff is a resident and citizen of Louisiana. Bayer is incorporated in the state of Delaware and has its principal place of business in New Jersey. Finally, the relationship between the parties is centered in the state where Mirena was inserted, likely also in Louisiana. *See Nichols v. G.D. Searle and Co.*, 668 N.E.2d 1101, 1103 (Ill. App. Ct. 1996) (holding, in product liability action involving intrauterine contraceptive device, the relationship between parties was centered in the state where each plaintiff "was prescribed and used" the device). Considering these contacts in light of the general principles embodied in the Restatement, the Court cannot conclude that New

Jersey's relationship to the facts of this case is greater than that of the place of plaintiff's injury, Louisiana. Accordingly, the Court concludes that Louisiana law controls. *See Townsend*, 227 Ill.2d at 164-171 (applying Illinois choice of law principles to determine which states law controlled when injury and conduct causing injury occurred in different states); *Nichols*, 668 N.E.2d 1101 at 1103 (same);[1] Restatement (Second) of Conflict of Laws § 146, Comment e (entitled "When conduct and injury occur in different states" and adopted by the Illinois Supreme Court in *Townsend*).

**B.    Applicability of the Louisiana Products Liability Act**

The Louisiana Products Liability Act ("LPLA") provides "the exclusive theories of liability for manufacturers for damage caused by their products."   La. Rev. Stat. Ann. § 9:2800.52 ("A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]."). "This provision limits a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA." *Stahl v. Novartis Pharma. Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002). The theories of product liability permitted under the LPLA are defective design, defective manufacture, failure to warn, and breach of warranty. *Id.*

---

[1]  In this product liability action involving an intrauterine contraception device, the Illinois Appellate Court applied Illinois choice of law rules to determine where the plaintiffs' cause of action arose. The controlling presumption applied by the Appellate Court was that the law of the place of injury controlled unless some other jurisdiction had a greater relationship to the facts of the case (the same presumption applicable in the instant case). Illinois was the forum state. In addition, the product was developed and manufactured in Illinois and the manufacturer had its principle place of business in Illinois. Each plaintiff was injured in his or her home state. The Court further concluded that the relationship between the parties was centered in each plaintiff's home state (where the device was prescribed and used). Under these circumstances, the Appellate Court Concluded that Illinois (the state where the conduct causing the injury occurred and the defendant had its principle place of business) did *not* have a greater relationship to the facts of the case than the place of injury for each plaintiff.

at 203. Although the various ways of establishing liability under the LPLA are predicated on principles of strict liability, negligence, or warranty, these theories are not available as independent theories of recovery against the manufacturer. *Watson v. Bayer Healthcare Pharmaceuticals, Inc.*, Civil Action No. 13-212, 2013 WL 1558328 at *3 (E.D. La. 2013) (Herndon, C.J.) (not reported) (*citing Stahl v. Novartis Pharma. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002)).

In the instant case, the plaintiff does not expressly assert any claim under the LPLA. Instead, she seeks relief based on general theories of liability. A number of the asserted theories of recovery are not cognizable under the LPLA. In addition, even for those claims that might be cognizable under the LPLA, the plaintiff's complaint is problematic because freestanding theories of recovery are not available for a cause of action against a manufacturer sounding in product liability.

Accordingly, plaintiff's claims fail as a matter of law to the extent that they seek relief outside the scope of the LPLA and/or are not expressly pled thereunder.

**C.     Request for Punitive Damages**

Louisiana law does not permit exemplary/punitive damages, except where expressly authorized by statute. *See International Harvester Credit v. Seale*, 518 So.2d 1039 (La. 1988). The LPLA does not provide for recovery of punitive damages or attorney's fees.   *Bladen v. C.B. Fleet Holding Co.*, 487 F.Supp.2d 759, 770 (W.D. La. 2007). Accordingly, plaintiff's request for punitive damages fails as a matter of law.

### IV.   Conclusion

For the reasons stated herein, the Court **GRANTS** Bayer's motion to dismiss (Doc. 9). Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** with leave to amend claims that are cognizable under Louisiana law. Further, the Court dismisses **WITH PREJUDICE** plaintiff's claim for punitive damages.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2014.

Digitally signed by
David R. Herndon
Date: 2014.09.26
00:21:02 -05'00'

**Chief Judge**
**United States District Court**